IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Estate of NATHAN PRASAD, deceased, by and through MARY PRASAD; MARY PRASAD; T.P., a minor; and A.P., a minor,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SUTTER; J. PAUL PARKER, Sutter County Sheriff's Department Sheriff; DAVID SAMSON, Sutter County Jail Division Commander; NORMAN BIDWELL, Sutter County Jail Corrections Lieutenant; LOU ANNE CUMMINGS, Sutter County Health Officer; AMERJIT BHATTAL, Sutter County Assistant Director of Human Services – Health Division; BRENT GARBETT, Sutter County Jail Nurse Program Manager; DORIS BROWN, Sutter County Jail Advanced Registered Nurse Practitioner; MELODY YOUNG, Sutter County Jail Licensed Vocational Nurse; BALJINDER RAI, Sutter County Jail Deputy Officer; SHANE DICKSON, Sutter County Jail Deputy Officer; UNKNOWN JAIL EMPLOYEE I; FREMONT-RIDEOUT HEALTH GROUP; MICHAEL FRATERS, D.O.; and DOES I through LX,<br><br>        Defendants.<br>_____ | 2:12-cv-00592-GEB-GGH<br><br><u>ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT</u> |

        Plaintiffs move under Federal Rule of Civil Procedure ("Rule") 15(a)(2) for leave to file a Second Amended Complaint ("SAC") to add

1

1  eight new defendants and factual allegations against them. Defendants
2  County of Sutter, Parker, Samson, Bidwell, Cummings, Bhattal, Garbett,
3  Brown, Young, Rai, and Dickson ("Defendants") oppose the motion, arguing
4  that amendment would be "premature" or "futile." (Opp'n 2:8, 2:12.)
5  Plaintiffs rejoin that their motion is "not premature, but instead was
6  made in good faith and in compliance" with the Court's Status (Pretrial
7  Scheduling) Order and that their SAC is not futile, since it "alleges
8  specific facts . . . which, if proven, would . . . plainly state claims
9  against the newly-named defendants." (Reply 2:24-25, 6:16.)

10  Rule 15(a)(2) provides that "[t]he court should freely grant
11  leave [to amend a pleading] when justice so requires." "'This policy is
12  to be applied with extreme liberality.'" C.F. ex rel. Farnan v.
13  Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011)
14  (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th
15  Cir 2003)).

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

21  Foman v. Davis, 371 U.S. 178, 182 (1962). Here, there is no contention
22  of undue delay, bad faith or dilatory motive, repeated failure to cure
23  deficiencies, or undue prejudice. Rather, Defendants' arguments are that
24  the amendment would be "premature" or "futile." (Opp'n 2:8, 2:12.)

25  In evaluating arguments for denying leave to amend, "[n]ot all
26  of the factors merit equal weight." Eminence Capital, 316 F.3d at 1052.
27  Instead, "it is the consideration of prejudice to the opposing party
28  that carries the greatest weight. . . . Absent prejudice, or a strong

2

showing of any of the remaining <u>Foman</u> factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." <u>Id.</u>; <u>Capistrano Unified School Dist.</u>, 654 F.3d at 985 (same). Defendants have not shown that they would be prejudiced by Plaintiffs' proposed amendment; nor that another <u>Foman</u> factor favors denial of the motion. Accordingly, Plaintiffs' Motion for Leave to File a Second Amended Complaint is granted. Plaintiffs have ten (10) days leave from the date on which this Order is filed to file the SAC.

Dated:   November 19, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge