IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY PRASAD, et al.,

        Plaintiffs,                No. 2:12-cv-00592 TLN JFM

    vs.

COUNTY OF SUTTER, et al.,

        Defendants.            ORDER

_____/

        Plaintiffs' motion to compel production of documents (ECF No. 84) came on regularly for hearing on June 12, 2013. Kathryn Mantoan appeared for plaintiffs. John Whitefleet appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

        1. Defendants' request for the court to enter a protective order staying the discovery proceedings pending the outcome of defendants' motions to dismiss is denied.[1] See Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam).

        2. Counsel for both parties confirmed that documents responsive to plaintiffs'

---

[1] The court notes that the deadline for expert witness disclosures is September 6, 2013. ECF No. 36.

1

dispute numbers 5, 6 and 11 were produced by defendants on June 11, 2013, and these disputes have been resolved.

3. Counsel for both parties confirmed that documents responsive to plaintiffs' dispute numbers 1-4 and 12-14 will be produced on or before June 17, 2013. In the event a dispute arises regarding the production of these documents the parties may contact the court's Courtroom Deputy, Kyle Owen, at (916) 930-4004 to arrange a telephone conference.

4. Dispute Number 8: Within seven days of this order, defendants shall produce the identity of inmates housed in cells MAX-2 and MAX-3, pursuant to plaintiffs' first set of interrogatories request number 10.

5. Dispute Number 9: Within fourteen days of this order, defendants shall submit, for in camera review, those portions of the requested personnel files containing grievances against individual officers and Internal Affairs Reports, and any training attended by the officers. Defendants need not produce information pertaining to salary, health benefits and dependents. The documents shall be Bates stamped, and submitted directly to the chambers of the undersigned.

6. Dispute Number 10: In accordance with defendants' representation during oral argument, within fourteen days of this order, defendants shall conduct a reasonable and diligent search for "[i]nternal or third-party audits, assessments, reports, or accreditation-related documents for the provision of health care at Sutter County Jail since January 28, 2008, . . . including but not limited to responsive documents specifically identified by Defendant's former employee Brent Garbett at his April 23, 2013 deposition." ECF No. 84 at 3-4. Within fourteen days of this order, defendants shall serve on plaintiffs a declaration describing the search conducted and produce any responsive documents. Production of responsive documents shall be made without any claim of privilege, defendants having failed to timely produce a privilege log. See Fed. R. Civ. P. 26(b)(5).

7. Dispute Numbers 15 and 16: Within fourteen days of this order, defendants

shall conduct a reasonable and diligent search for "[d]ocuments reflecting attendance at and/or content of Sutter County Jail medical services 'continuous quality improvement' (CQI) meetings from January 2008 through the present, including but not limited to sign-in sheets, agendas, or minutes for those meetings" and "[a]ny 'plans of correction' for Sutter County Jail medical services from January 2008 through the present, including but not limited to any such plans presented or discussed at CQI meetings." ECF No. 84 at 4.  Within fourteen days of this order, defendants shall serve on plaintiffs a declaration describing the search conducted and produce any responsive documents.[2]  Production of responsive documents shall be made without any claim of privilege, defendants having failed to timely produce a privilege log.  See Fed. R. Civ. P. 26(b)(5).

       8.  Dispute Number 17:  Within fourteen days of this order, defendants shall conduct a reasonable and diligent search for "[e]xcel spreadsheets or other documents created by Brent Garbett during his tenure as Sutter County Jail Nurse Manager reflecting his review of grievances." ECF No. 84 at 4.  Within fourteen days of this order, defendants shall serve on plaintiffs a declaration describing the search conducted and produce any responsive documents.[3]

---

[2] To the extent defendant attempts to assert an objection based on the "official information privilege," pursuant to, inter alia, the Patient Safety and Quality Improvement Act of 2005 (ECF No. 86 at 32), the objection is overruled.  The act provides for a narrow peer review privilege for work product prepared by a patient safety organization or prepared for, and reported to, a patient safety organization.  Defendants have not made a showing that the documents at issue were prepared by or prepared for, and reported to, a qualified patient safety organization.  See 42 U.S.C. § 299b-24(a)-(b) (describing patient safety organization certification requirements).  Defendants have also failed to make a showing that the "self-critical analysis privilege" applies in the case at bar.  ECF No. 86 at 32.  The "self-critical" analysis privilege has not been recognized by the Ninth Circuit.  Union Pacific R. Co. V. Mower, 219 F.3d 1069, 1076 n.7 (9th Cir. 2000).  Finally, defendants' objection based on 38 U.S.C. § 5705 is also overruled.  ECF No. 86 at 32; see 38 C.F.R. § 17.500(a) ("Section 5705, title 38, United States Code was enacted to protect the integrity of the [Veterans Administration's] medical quality assurance program by making confidential and privileged certain records and documents generated by this program and information contained therein.")

[3] The court finds this document request is relevant to at least some of plaintiffs' allegations including, for example, whether County of Sutter officials and employees were "aware of a long-standing and trenchant problem with contagious bacterial infections at Sutter County Jail." ECF No. 50 at 13; Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(1) ("parties may obtain

1  Production of responsive documents shall be made without any claim of privilege, defendants
2  having failed to timely produce a privilege log.  See Fed. R. Civ. P. 26(b)(5).
3          9. Dispute Number 18:  Within fourteen days of this order, defendants shall
4  conduct a reasonable and diligent search for "[a]ll morbidity or Death in Custody reports
5  regarding deaths of inmates at Sutter County Jail (or inmates who died at outside providers to
6  which they were directly transferred from Sutter County Jail) from January 2001 through the
7  present." ECF No. 84 at 4-5.  Within fourteen days of this order, defendants shall serve on
8  plaintiffs a declaration describing the search conducted and produce any responsive documents.[4]
9  Production of responsive documents shall be made without any claim of privilege, defendants
10  having failed to timely produce a privilege log.  See Fed. R. Civ. P. 26(b)(5).
11          10. Reasonable Expenses:  Plaintiffs have requested that the court order
12  defendants to pay reasonable expenses for the motion to compel, pursuant to Fed. R. Civ. P.
13  37(a)(5).  See ECF No. 87.  Within seven days of this order, defendants may file a letter brief, not
14  to exceed four pages, addressing plaintiffs' request for expenses incurred in connection with the
15  motion.  Within seven days thereafter, plaintiffs may file a reply letter brief, not to exceed four
16  pages.  The request for expenses will thereafter stand submitted.
17  ////
18  ////
19  ////
20  ////

---

discovery regarding any non-privileged matter that is relevant to any party's claim or defense"); Zoom Imaging, L.P. v. St. Luke's Hosp. and Health Network, 513 F.Supp.2d 411, 413 (E.D. Pa. 2007) ("Even if it may not be admissible at trial, [] evidence is discoverable if it appears reasonably calculated to lead to the discovery of admissible evidence.").

[4] The court finds this document request is relevant to at least some of plaintiffs' allegations including, for example, policy issues "indicating a culture of deliberate indifference to inmates' serious treatment needs at the Jail." ECF No. 50 at 27; Fed. R. Evid. 401; Fed. R. Civ. P. 26(b)(1); Zoom Imaging, L.P., 513 F.Supp.2d at 413.

4

11. All discovery produced pursuant to this order shall be subject to a protective order.[5]

Dated: June 14, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

pras0592.oah

---

[5] At the hearing on this matter counsel agreed they would diligently work on a stipulated protective order and submit it to the court for approval. It is the court's expectation that the stipulated protective order shall be submitted within seven days from this order.