MICHAEL W. BIEN – 096891
ERNEST GALVAN – 196065
KATHRYN G. MANTOAN – 239649
LORI E. RIFKIN – 244081
AARON J. FISCHER – 247391
ROSEN BIEN
GALVAN & GRUNFELD LLP
315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
Telephone:   (415) 433-6830
Facsimile:    (415) 433-7104

Attorneys for Plaintiffs

JOHN R. WHITEFLEET – 213301
PORTER SCOTT
A Professional Corporation
350 University Avenue, Suite 200
Sacramento, CA 95825
Telephone:   (916) 929-1481
Facsimile:    (916) 927-3706

Attorneys for Defendants COUNTY OF SUTTER; J. PAUL PARKER; DAVID SAMSON; NORMAN BIDWELL; LOU ANNE CUMMINGS; AMERJIT BHATTAL; BRENT GARBETT; DORIS BROWN; KIMBERLY WEISS; GURKIRAT BHANGU; CHRISTINA STOHLMAN; LESTER EATON; MIGUEL AGUILAR; OLGA TAHARA; ROSA DIAZ; ERIC CRAWFORD; BALJINDER RAI; and SHANE DICKSON

KATHLEEN J. WILLIAMS – 127021
WILLIAMS & ASSOCIATES
1250 Sutterville Road, Suite 290
Sacramento, California 95822
Telephone:   (916) 456-1122
Facsimile:    (916) 737-1126

Attorneys for Defendant MELODY YOUNG

ROBERT H. ZIMMERMAN – 084345
GLENN M. HOLLEY – 119210
SCHUERING ZIMMERMAN & DOYLE, LLP
400 University Avenue
Sacramento. California 95825-6502
Telephone:   (916) 567-0400
Facsimile:    (916) 568-0400

Attorneys for Defendant RIDEOUT MEMORIAL HOSPITAL (sued herein as FREMONT-RIDEOUT HEALTH GROUP)

D. MARC LYDE – 134869
JENNIFER C. KURLAN – 201757
LEONARD & LYDE
1600 Humboldt Road, Suite 1
Chico. California 95928
Telephone:   (530) 345-3494
Facsimile:    (530) 345-0460

Attorneys for Defendant MICHAEL FRATERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Estate of NATHAN PRASAD, deceased, by and through MARY PRASAD; MARY PRASAD; T.P., a minor; and A.P., a minor,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SUTTER et al.,<br><br>    Defendants. | Case No. 2:12-CV-00592-TLN-JFM<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by, among and between the parties to the above-captioned action through their counsel of record, that the documents described herein may be designated as "Confidential" and produced subject to the following Protective Order:

1.  Categories of documents described as follows:

    (a)  Personnel records, including but not limited to training, of Sutter County personnel

    (b)  Documents produced pursuant to Order dated June 14, 2013 (Docket Entry No. 91)

2.  The disclosed documents shall be used solely in connection with the civil action of *Prasad v. County of Sutter, et al.*, E.D. Cal. Case No. 2:12-cv-00592-TLN-JFM.  The parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this action, including trial.

3.  A party may only designate as "Confidential" a document which it has determined in good faith to be: (a) confidential or potentially invasive of an individual's privacy interests; (b) not generally known; and (c) not normally revealed to the public or third parties or, if disclosed to third parties, such that third parties would be required to maintain the information in confidence.  By designating a document or portion thereof as "Confidential," the party making the designation avers that it can and would make a showing to the Court sufficient to justify entry of a protective order covering that document or portion thereof under Federal Rule of Civil Procedure 26 and Eastern District of California Local Rule 141.  By designating a document or portion thereof as "Confidential," the party making the designation stipulates to the filing of that document under seal.  The parties acknowledge that such stipulation does not allow for the filing of the document under seal absent compliance with Local Rule 141 and an order of the court.

4.  A party producing the documents described herein may designate those documents as confidential by affixing a mark labeling them "Confidential," provided that such marking does not obscure or obliterate the content of any record.  If any confidential documents cannot be labeled with this marking, those documents shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting

parties.

5. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the document in question shall continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

6. Documents designated under this Protective Order as "Confidential" may be disclosed only to the following persons:

    (a) All counsel of record and attorneys in the offices of counsel for any of the Defendants in this action;

    (b) All counsel of record, and attorneys in the offices of counsel for Plaintiffs in this action;

    (c) Paralegal, clerical and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reporters or videographers retained in connection with this action;

    (d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of this action;

    (e) Any expert, consultant or investigator retained in connection with this action;

    (f) The parties to this action;

    (g) The finder of fact at the time of trial, subject to the Court's ruling on in limine motions and objections of counsel; and

    (h) Witnesses during their depositions in this action.

7. Prior to the disclosure of any Confidential documents to any person identified in

1  Paragraph 5, each such recipient of Confidential documents shall be provided with a copy of this

2  Protective Order, which he or she shall read.  Upon reading this Protective Order, such person

3  shall acknowledge in writing as follows:

> I have read the Protective Order that applies in *Prasad v. County of Sutter, et al.*, E.D. Cal. Case No. 2:12-cv-00592-TLN-JFM, and shall abide by its terms.  I consent to be subject to the jurisdiction of the United States District Court for the Eastern District of California, including without limitation in any proceeding for contempt.

7       8.     The following procedures shall be utilized by the parties making copies of

8  documents designated as "Confidential":

9           (a)    The producing party shall provide one copy of the Confidential documents

10 to the receiving party.

11          (b)    The receiving party shall not furnish, disclose, or otherwise divulge any the

12 Confidential documents to any source, except those persons identified in Paragraph 5 herein,

13 without further order of the Court or authorization from counsel for the producing party.

14          (c)    If any document designated as "Confidential" pursuant to this Protective

15 Order is used or disclosed during the course of a deposition, that portion of the deposition record

16 reflecting such material shall be stamped with the appropriate designation and access shall be

17 limited pursuant to the terms of this Protective Order.  The court reporter will be directed to bind

18 those portions of the transcript that contain discussion of the contents of the Confidential

19 documents separately.  The cover of any portion of a deposition transcript that contains testimony

20 or documentary evidence that has been designated Confidential, including exhibits designated as

21 "Confidential," will be marked:  CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

22      9.     Should any documents designated "Confidential" be disclosed, through

23 inadvertence or otherwise, to any person not authorized to receive the documents under this

24 Protective Order, the disclosing person(s) shall promptly: (a) inform the producing party of the

25 recipient(s) and the circumstances of the unauthorized disclosure, and (b) use best efforts to bind

26 the recipient(s) to the terms of this Protective Order.  No document shall lose its Confidential

27 status because it was inadvertently or unintentionally disclosed to a person not authorized to

28 receive it under this Protective Order.

///

10. After the conclusion of this litigation, all Confidential documents, in whatever form stored or reproduced, will remain confidential. All documents produced pursuant to this Protective Order shall be destroyed or returned to counsel for the producing party in a manner in which counsel will be able to reasonably verify that all documents were returned. All parties agree to ensure that Confidential documents disclosed to other persons shall be destroyed or returned to counsel for the producing party. "Conclusion" of this litigation means a termination of the action following a trial (and any subsequent appeal) or settlement, and entry of an order, judgment, or decree terminating this action.

IT IS SO STIPULATED.

Respectfully submitted,

DATED: June 21, 2013          ROSEN BIEN GALVAN & GRUNFELD LLP

                              By:  */s/ Kathryn G. Mantoan (as authorized on 6/21/13)*
                                   Kathryn G. Mantoan

                              Attorneys for Plaintiffs


DATED: June 21, 2013          PORTER SCOTT
                              A Professional Corporation

                              By:  */s/ John R. Whitefleet*
                                   John R. Whitefleet

                              Attorneys for Defendants COUNTY OF SUTTER; J. PAUL PARKER; DAVID SAMSON; NORMAN BIDWELL; LOU ANNE CUMMINGS; AMERJIT BHATTAL; BRENT GARBETT; DORIS BROWN; KIMBERLY WEISS; GURKIRAT BHANGU; CHRISTINA STOHLMAN; LESTER EATON; MIGUEL AGUILAR; OLGA TAHARA; ROSA DIAZ; ERIC CRAWFORD; BALJINDER RAI; and SHANE DICKSON

| | | |
|---|---|---|
| DATED: June 21, 2013 | | WILLIAMS & ASSOCIATES |
| | By: | /s/ Kathleen J. Williams (as authorized on 6/21/13) |
| | | Kathleen J. Williams |
| | | Attorneys for Defendant MELODY YOUNG |

| | | |
|---|---|---|
| DATED: June 21, 2013 | | SCHUERING ZIMMERMAN & DOYLE, LLP |
| | By: | /s/ Glenn M. Holley (as authorized on 6/21/13) |
| | | Glenn M. Holley |
| | | Attorneys for Defendant RIDEOUT MEMORIAL HOSPITAL (sued herein as FREMONT-RIDEOUT HEALTH GROUP) |

| | | |
|---|---|---|
| DATED: June 21, 2013 | | LEONARD & LYDE |
| | By: | /s/ Jennifer C. Kurlan (as authorized on 6/21/13) |
| | | Jennifer C. Kurlan |
| | | Attorneys for Defendant MICHAEL FRATERS |

**ORDER**

The Court, having reviewed the above stipulation of the parties, and good cause appearing, hereby enters the Stipulated Protective Order.

IT IS SO ORDERED.

Dated: June 25, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE