1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MARY PRASAD, et al.,                    No.  2:12-cv-00592 TLN JFM

11                  Plaintiff,

12         v.                                ORDER

13   COUNTY OF SUTTER, et al.,

14                  Defendants.

15

16         On June 12, 2013, a hearing on plaintiffs' amended motion to compel (ECF No. 84) was

17   held.  Following the hearing, the court permitted defendants to file a letter brief addressing

18   plaintiffs' request for reasonable expenses, pursuant to Fed. R. Civ. P. 37(a)(5), within seven days

19   of the date of the order.  ECF No. 91.  The court also permitted plaintiffs to file a reply letter brief

20   within seven days thereafter.  Id.  Upon consideration of the hearing, as well as an examination of

21   the parties' initial filings, subsequent letter briefs, and supporting documents, the court orders

22   plaintiffs' request for reasonable expenses is granted and plaintiffs shall be awarded reasonable

23   expenses in the amount of $18,022.50.

24         Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel is granted, or

25   if the requested discovery is provided after the motion was filed, the court must require the party

26   whose conduct necessitated the filing of the motion to pay reasonable expenses including

27   attorney's fees.  Fed. R. Civ. P. Rule 37(a)(5).  However, the court must not order payment if the

28   nondisclosure was substantially justified or if other circumstances make an award unjust.  Id.

                                             1

Plaintiffs seek expenses in the amount of $18,022.50 to cover the cost of bringing their motion to compel.  ECF No. 97.  Plaintiffs' expenses include telephone calls and correspondence, drafting a meet and confer letter, and preparing both the amended motion to compel and the joint statement.  Id. at 3.  Defendants set forth a number of objections to plaintiffs' request, each of which will be addressed in turn.

First, defendants argue that "only two matters were actually matters which needed resolution by this court: the scope and/or privacy of inmates [sic] names . . . and personnel records of the Sutter County defendants."  ECF No. 92 at 1.  Defendants also argue that "any award would be unjust given the various circumstances surrounding the variety of documents included in [plaintiffs'] motion.  Id. at 3.  Rule 37(a)(5)(A) provides for an award of reasonable expenses if a motion to compel is granted "*or* if the disclosure or requested discovery is provided after the motion was filed."  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  While the parties confirmed, both in their joint statement and during the hearing on plaintiffs' amended motion to compel, that a number of disputed issues had been resolved, that alone does not relieve defendants from payment of reasonable fees under Rule 37(a)(5).  Here, the resolution of plaintiffs' disputes did not occur until after plaintiffs filed their motion to compel and amended motion to compel.  Thus, Rule 37(a)(5)(A) provides for an award of reasonable expenses because defendants' disclosure of the requested information was provided after plaintiffs' motion was filed.

Second, defendants argue that the failure to respond to discovery requests have not prejudiced plaintiffs.  ECF No. 92 at 1.  However, the court finds that plaintiffs have been prejudiced by, at the very least, having to conduct depositions without documents relevant to plaintiffs' claims.  See ECF No. 97 at 2; see also ECF No. 87-2 at 38-39 (e-mail to defense counsel requesting personnel files in advance of noticed depositions).

Third, defendants argue that plaintiffs did not "attempt to narrow the request in light of the pending motion to dismiss."  ECF No. 92 at 1.  However, filing a motion to dismiss does not function as an automatic stay of an action, including any outstanding discovery requests.  Defendants were therefore not substantially justified in failing to respond to plaintiffs' discovery

2

1   requests which were served six months prior to the filing of defendants' motion to dismiss.

2   Moreover, defendants did not request a stay of the proceedings when they initially filed a motion

3   to dismiss on December 26, 2012.  Rather, defendants waited until plaintiffs filed their motion to

4   compel to raise the issue of a stay pending the outcome of the motion to dismiss in an effort to

5   justify their failure to respond to outstanding discovery requests.  In any event, the court has

6   already denied defendants' request for a protective order staying the discovery proceedings,

7   noting the approaching September 6, 2013, deadline for expert witness disclosures.  ECF No. 91

8   at 1.

9          Fourth, defendants argue that they were substantially justified in not disclosing the names

10  of inmates housed in cells MAX-2 and MAX-3 because the identification was only recently

11  clarified by plaintiffs on June 3, 2013.  ECF No. 92 at 2.  Defendants also argue that they were

12  "substantially justified in limiting its own exposure to liability from third parties."  Id.

13  Defendants were served with plaintiffs' initial request on July 13, 2012.  ECF No. 87-1 at 9-10.

14  The request sought the identification of "ANY and ALL inmates celled in the same housing pod,

15  unit, OR cell as NATHAN PRASAD."  Id.  While defendants attempt to argue that the

16  identification was only recently clarified on June 3, 2013, plaintiffs' counsel addressed this issue

17  in a letter to defense counsel dated March 7, 2013.  ECF No. 87-2 at 11-12.  The letter clarifies a

18  conversation between the parties that took place on February 27, 2013.  Id.  In this letter,

19  plaintiffs' counsel explained the request by stating that "at a minimum, this would encompass any

20  inmates housed in any of the three 'tanks' or cells that appear to be located on the same hallway

21  where Nathan Prasad was housed."  Id.  Thus, defendants are incorrect in asserting that this

22  matter was only clarified in June.  Rather, plaintiffs clarified their request with defendants as

23  early as February 27, 2013.  The court also finds that defendants' general claim of privacy does

24  not substantially justify their failure to respond to plaintiffs' discovery request.  The court finds

25  the privacy argument particularly unpersuasive given the fact that defendants failed to respond to

26  a protective order sent by plaintiffs on March 7, 2013.  ECF No. 87-2 at 2.  Defendants cannot

27  neglect to review or enter into a protective order then use the absence of a protective order to

28  support their failure to respond to discovery requests.  Therefore, defendants were not

3

1   substantially justified in failing to disclose the names of inmates housed in cells located on the

2   same hallway as Mr. Prasad.

3        Finally, defendants argue that plaintiffs' hourly rate must be that of the "prevailing market

4   rate for the Sacramento community" and that "any hours must be parsed out or reduced for

5   matters not reasonably included."  ECF No. 92 at 3-4.  The court finds both of these arguments

6   unavailing, and will address them separately below.

7        Regarding the hourly rate, generally, an award should be a reasonable fee according to the

8   relevant legal community.  Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).  However,

9   San Francisco rates, which are outside the district in which the court sits, are permitted if

10  "Sacramento attorneys with adequate expertise were unavailable."  Gates, 987 F.2d at 1406.

11  "[P]laintiffs must only prove the unavailability of counsel within the local forum in order to

12  justify the use of outside counsel."  Barjon v. Dalton, 132 F.3d 496, 501 (9th Cir. 1997) (citing

13  Gates, 987 F.2d at 1405) (emphasis omitted).  Moreover, "Gates allows proof of either

14  unwillingness *or* inability due to lack of experience, expertise, or specialization."  Barjon, 132

15  F.3d at 501 (emphasis original); see also South Yuba River Citizens League and Friends of River

16  v. National Marine Fisheries Service, No. CIV. S-06-2845 LKK/JFM, 2012 WL 1038131, at *6

17  (E.D. Cal. Mar. 27, 2012) (concluding "that the lack of experience, expertise, or specialization

18  requirement applies only to the inquiry of whether local firms are able to perform the work, and

19  not whether they are willing").  Here, plaintiffs seek an hourly rate of $445.00 for their principal

20  counsel, Kathryn Mantoan.  This rate is consistent with the San Francisco, not the Sacramento,

21  legal community.  In support of their request, plaintiffs explain that local counsel was unwilling

22  to represent them in this action (Prasad Decl. ¶2, ECF No. 97-3 at 2) and "[t]here are very few

23  lawyers or law firms with the specialized knowledge, experience and resources to bring a civil

24  rights case of this type" (White Decl. ¶ 15, ECF No. 97-2 at 6).  The court finds plaintiffs have

25  met their burden of establishing unavailability by showing both an unwillingness of local counsel

26  and a limited availability of qualified local counsel.[1]  Gates, 987 F.2d at 1405; Barjon, 132 F.3d at

27

---

28  [1] Defendants did not provide evidence that might counter this finding, such as potentially available firms in the Sacramento area.

1    501.  Therefore, the court finds the relevant community is San Francisco.

2         Regarding the reasonableness of plaintiffs' rate, a reasonable hourly rate is defined as the

3    "rate prevailing in the community for similar work performed by attorneys of comparable skill,

4    experience, and reputation."  Barjon, 132 F.3d at 501 (internal quotation marks omitted).  "To

5    inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to

6    produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates

7    are in line with those prevailing in the community for similar services by lawyers of reasonably

8    comparable skill, experience and reputation."  Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

9    In support of their requested hourly rate of $445.00 for Ms. Mantoan's work on the motion to

10   compel, plaintiffs provided the National Law Journal's December 2012 annual survey of law firm

11   billing rates covering rates from 2011.  The annual survey includes the rates of some San

12   Francisco law firms.  ECF No. 97-1 at 47.  Plaintiffs also provided Ms. Mantoan's resume which

13   indicates her skills and experience in the relevant area of law since her admission to the

14   California bar in 2005.  Id. at 24.  The court finds plaintiffs have met their burden of establishing

15   the requested rate is comparable to those prevailing in the San Francisco community.[2]  Blum, 465

16   U.S. at 895 n.11; see also L.H. v. Schwarzenegger, 645 F.Supp.2d 888, 895 (E.D. Cal. 2009)

17   (finding fees requested for plaintiffs' law firm reasonable, and noting the rates were awarded to

18   some of the attorneys in other prison litigation cases).  Therefore, defendants' argument for a

19   reduced hourly rate fails.

20        Regarding defendants' argument for a reduction of billed hours, plaintiffs submitted a

21   summary of the hours worked on the motion to compel, and reduced the number of hours used in

22   calculating the total amount requested.  See ECF No. 97-1 at 11-15.  A review of the billing

23   summary shows that plaintiffs requested reimbursement for only Ms. Mantoan's work, and have

24   omitted all other attorney and paralegal billing charges as well as any related costs.  Id.  The court

25   finds the hours of work plaintiffs submitted for reimbursement were reasonably expended, and

26   pertain only to plaintiffs' motion to compel.  See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

27

---

[2] Defendants also failed to submit any evidence indicating what the court might consider to be a
28   reasonable hourly rate given the circumstances of the case.  See Gates, 987 F.2d at 1397-98.

1  Therefore, defendants' argument for a reduction of hours also fails.

2        Accordingly, IT IS HEREBY ORDERED that plaintiffs are awarded reasonable expenses

3  under Federal Rule of Civil Procedure 37(a) in the amount of $18,022.50 against defendants.

4  Dated:  July 17, 2013

5  _____
    CAROLYN K. DELANEY

6      UNITED STATES MAGISTRATE JUDGE

7

8

9  pras0592.mtc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28